JiDECUIR, Judge.
Plaintiff, Johnny Glenn Garcie, filed suit against defendants, Joseph W. Dean a/k/a Joey Dean Britt, d/b/a Chelsea’s and First Financial Insurance Company of America, for burn injuries to his face and neck allegedly sustained on March 14, 1992, while plaintiff consumed a flaming alcoholic beverage ignited by defendant’s employee. At the time of the alleged accident, plaintiff was a guest of Chelsea’s. The jury awarded damages in the amount of $5,500 and rendered a verdict assigning 65% fault to the plaintiff and 35% to defendant. Both parties appeal.
Plaintiff contends the jury erred in finding plaintiff 65% at fault and that the jury award for general damages is excessively low. We find plaintiffs assignments of error to be without merit. Plaintiffs first assignment of error involves a finding of fact which is not to be disturbed in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). The jury found that plaintiffs accident was caused in whole or in part by plaintiffs fault “other than intoxication.” Plaintiff argues that defendants offered no proof of negligence on the part of plaintiff other than negligence due to intoxication and, therefore, the jury’s finding of fault on the part of plaintiff is manifestly erroneous. Contrary to plaintiffs assertions, the evidence indicates that plaintiff had ordered and consumed two of the flaming drinks prior to the drink he alleges caused his injuries. Plaintiff was aware that the drink contained 190 proof alcohol and that the drink was going to be lit. Furthermore, plaintiff testified that the waitress asked him if he was ready for her to light the drink before lighting it to 12which he responded, yes. Also, there is evidence in the record to suggest that plaintiff may have had his face too close to the drink and that he may have spilled the drink himself after it was lit. The evidence is certainly sufficient to support the jury’s apportionment of 65% fault to plaintiff.
As to plaintiffs second assignment of error regarding the general damage award, we find no abuse of discretion in view of the medical evidence presented. Plaintiff sustained first and second degree burns to his face. However, he incurred minimal medical expenses and two of his treating physicians opined that plaintiffs injuries would heal with no residual problems or scarring. The jury was allowed to view plaintiffs face and apparently felt that plaintiff exaggerated his injuries and a higher general damage award was not warranted. We affirm the jury’s award of general damages.
Defendants contend the trial court erred in failing to find plaintiff solely liable because of his intoxication. As stated above, this issue involves a finding of fact which is not to be disturbed in the absence of manifest error. Rosell, supra. Defendants state that uncontradicted evidence of plaintiffs intoxication was presented at trial. We find this not to be the case. Plaintiff testified he was not intoxicated at the time of his injuries. Howard Mechell, who has known plaintiff for a number of years, was present at the lounge at the time of the incident. It was Mr. Mechell’s opinion that plaintiff was not intoxicated. Furthermore, the jury apparently concluded that the defendant was negligent in serving the drink. There is evidence to suggest that the straw placed in the drink causing plaintiffs injuries was shorter that the straws in the previous shot drinks consumed by him causing plaintiff to place his face closer to the drink than he had previously. We conclude that defendants’ assignment of error is likewise meritless.
Costs of appeal are assessed one-half to each party.
AFFIRMED.